CORALEE KERN, Plaintiff-Appellant, *v.* JOSEPH A. ROSIN *et al.*, Defendants-Appellee—(Harold Z. Kaplan, Defendant.)

(No. 54376; )

First District—March 15, 1972.

Elmer Gertz, of Chicago, (Wayne B. Giampietro, of counsel,) for appellant.

A. Bradley Eben, of Chicago, for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Coralee Kern, appeals from an order allowing the motion of the defendants Joseph Rosin, Harold Kaplan and Coralee, Inc., (now known as Key Systems, Inc.) for summary judgment. The suit revolves around the defendant's refusal to turn over one-third of the shares of stock in defendant corporation to the plaintiff pursuant to a written agreement entered into prior to the formation of the corporation. The plaintiff contends: (1) In equity the tender to the sole stockholder of a corporation by an employee of that corporation, of sums due that employee from that corporation, is sufficient to exercise an option to purchase stock of that corporation pursuant to a written agreement; and (2) There is a genuine issue of material fact which precludes summary judgment. No evidence was taken in the trial court and the case was submitted on the pleadings, motions and supporting affidavits.

Plaintiff, in her complaint, alleged that defendant, Joseph Rosin, on

January 31, 1969, without just cause terminated the plaintiff's employment and that Coralee, Inc., owes her $7,200. Plaintiff further alleged that she exercised her option under the employment agreement to purchase one-third of Coralee Inc.'s stock.

The February 10, 1967, employment agreement between the plaintiff and defendants provided in part:

"Cora Lee Kern is hereby granted the option to purchase one-third of the total stock issued from said Harold Z. Kaplan and Joseph A. Rosin upon payment to them of the sum of $6,666.66 within two years from date hereof."

The plaintiff's letter of January 31, 1969, to defendant Rosin which allegedly exercised the option provided:

"Pursuant to our shareholders pre-subscription agreement, I am hereby exercising my option to purchase one-third of the total stock issued from Harold Z. Kaplan and Joseph A. Rosin in accordance with the provision of said option and shareholders pre-subscription agreement.

Inasmuch as the corporation, according to my calculations, owes me in excess of said $6,666.66 (said purchase price of stock), please credit that amount against my back salary and please remit the balance to me.

In the event the back salary due me is different from my calculations and less than $6,666.66, please consider that amount as a purchase of the proportionate shares of stock that that amount bears to $6,666.66.

Accordingly, please issue me my appropriate shares of stock."

Defendants, in their answer, denied that they owed plaintiff $7,200 and that they forced the plaintiff out of Coralee, Inc. Defendants allege that the plaintiff voluntarily terminated her employment relationship with Coralee, Inc. and that the defendant corporation owed plaintiff $1,510.34 at most. Finally, the defendants denied that the plaintiff exercised her option because she had not tendered the $6,666.66 due.

■■ The plaintiff's first contention was that in equity the tender to the sole stockholder of a corporation by an employee of that corporation, of sums due that employee from that corporation is sufficient to exercise an option to purchase stock of that corporation pursuant to a written agreement. The plaintiff could have exercised the option to purchase one-third of Corelee, Inc.'s stock of if she complied with the express condition that payment of $6,666.66 be made within two years of February 10, 1967.

"When the optionee decides to exercise his option he must act unconditionally and precisely according to the terms of the option. When

the acceptance is so made the optioner becomes bound. Nothing less will suffice unless the optioner waives one or more of the terms of the option. Thus, if payment by the optionee is required before the termination date of the option, exercise of the option could only be accomplished by timely payment." 1 Williston on Contracts 206 (3rd ed. 1957).

The Illinois Supreme Court in *Lake Shore Country Club v. Brand*, 339 Ill. 504, 521-522, 171 N.E. 494 stated:

"An option contract is unilateral. Under it the optionee has a right to purchase upon the terms and under the conditions therein named. * * * If conditions precedent to the right to convert a unilateral contract into a bilateral one are not met the unilateral contract does not become bilateral. * * * An option contract is not a contract of sale within any definition of the term, and at best but gives to the option holder a right to purchase upon the terms and conditions, if any, specified in the option agreement. In order to avail himself of the right the optionee must comply with the conditions set out in the option contract. * * * A court of equity cannot relieve the optionee from the effect of his failure to comply with the conditions on which he has been granted the privilege of buying. This would make a new contract for the parties and compel the owner to sell when he had not agreed to do so."

■■ Plaintiff did not tender $6,666.66 within two years of February 10, 1967, as required by the option agreement. Tendering an alleged amount due the plaintiff from defendant corporation does not comply with the express condition of payment set out in the option agreement. As a matter of law plaintiff did not exercise the stock option because she did not comply with the condition set out in the option agreement.

■■ The plaintiff's second contention was that there was a genuine issue of material fact which precludes summary judgment. Under the Civil Practice Act, Ill. Rev. Stat. 1971, ch. 110, par. 57(3), a party is entitled to summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." In determining whether there is a genuine issue as to any material fact, the court may draw inference from the facts which are not in dispute.

Plaintiff's contention was that there was a dispute over how much defendant corporation owed the plaintiff and that this was a genuine issue as to a material fact in the case. Even if the defendant corporation owed the plaintiff over $6,666.66, her option agreement with Kaplan and Rosin was conditioned upon her payment of $6,666.66, not upon her tender of

an account payable to her by defendant corporation. The summary judgment was entered against the plaintiff only insofar as she claimed to be entitled to certain stock in Coralee, Inc. by reason of her letter dated January 31, 1969 to Rosin which announced her intention to exercise the option. Finally, there was to be a separate trial on the issue of whether defendant corporation was indebted to plaintiff, and if so, in what amount.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.